IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL ESPOSITO,

      Plaintiff,                         No. 2:10-cv-2862 EFB

      vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,      ORDER

      Defendant.
_____/

      Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $12,287.25, which totals 25 percent of past benefits due to plaintiff.[1] Dckt. No. 24. Plaintiff entered into Retainer and Contingent Fee Agreement with plaintiff's counsel which states that he would pay plaintiff's counsel 25 percent of any past-due benefits he won as a result of the appeal in his case, plus expenses. *Id.*, Ex. 3. Plaintiff's counsel, however, has not submitted a billing statement indicating the number of hours spent on plaintiff's case.

////

////

---

[1] Defendant takes no position on the reasonableness of plaintiff's counsel's request. *See* Dckt. No. 25.

1

42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *receded from on other grounds, Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807.

Without submission of a billing statement informing the court as to the number of hours plaintiff's counsel spent on the case, the court is unable to effectively determine whether the fees sought are reasonable. *See Gisbrecht*, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.").

Accordingly, it is hereby ORDERED that plaintiff's counsel shall submit a record of the hours she spent on plaintiff's case within 30 days.

DATED: October 29, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE