IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL ESPOSITO,

        Plaintiff,               No. 2:10-cv-2862 EFB

   vs.

CAROLYN W. COLVIN,[1]
Commissioner of Social Security,     ORDER

        Defendant.
_____/

     Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $12,287.25, which totals 25 percent of past benefits due to plaintiff.[2] Dckt. No. 24. Plaintiff entered into Retainer and Contingent Fee Agreement with plaintiff's counsel which states that he would pay plaintiff's counsel 25 percent of any past-due benefits he won as a result of the appeal in his case, plus expenses. *Id.*, Ex. 3. Plaintiff's counsel spent 47.7 hours on plaintiff's case. Dckt. No. 27.

////

---

[1] Michael J. Astrue was previously named as defendant. Carolyn W. Colvin is presently the acting Commissioner of Social Security. Accordingly, the court now substitutes in Carolyn W. Colvin as defendant. *See* Fed. R. Civ. P. 25(d).

[2] Defendant filed a statement of non-opposition to plaintiff's request for attorney fees. *See* Dckt. No. 25.

1

42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *receded from on other grounds, Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807.

After this court found plaintiff to be disabled, he was awarded past-due benefits in the amount of $49,149.00. Dckt. No. 24, Ex. 1. Plaintiff's counsel's request for 25 percent of that amount, or $12,287.25, would constitute an hourly rate of $257.59, based on the 47.7 hours plaintiff's counsel spent on the case.[3] Based on the quality of counsel's representation and her significant experience in the field of Social Security law, the court finds that rate to be reasonable. Further, given the results achieved in this case, the court finds the amount of hours expended to be reasonable.

////

////

////

---

[3] Because plaintiff's counsel did not pursue fees under EAJA, the fee amount need not be offset. *See* Brewer Decl. ¶ 5; *see also* Dckt. No. 24 at 2.

2

1  Accordingly, IT IS HEREBY ORDERED that plaintiff's counsel is awarded $12,287.25
2 in attorney fees pursuant to 28 U.S.C. § 406.
3 DATED: March 28, 2013.

*[signature: Edmund F. Brennan]*

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE